UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FILASER, INC., a Canadian corporation registered to do business in Oregon,**<br><br>      Plaintiff,<br><br>      v.<br><br>**KINESTRAL TECHNOLOGIES, INC., a Delaware corporation**,<br><br>      Defendant. | No. 3:14-cv-00357-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.**,

   Plaintiff FiLaser, Inc. seeks a declaratory judgment that Defendant Kinestral has no right or interest in a license to Plaintiff's technology. (Am. Compl. [29] at 6.) Defendant moved to dismiss [31] the Amended Complaint under Federal Rule of Civil Procedure 12(b)(2), arguing that the District of Oregon does not have personal jurisdiction over Kinestral in this matter. I GRANT Defendant's motion and dismiss the complaint with prejudice. Because this court lacks personal jurisdiction over Defendant Kinestral, I do not reach Defendant's motion to dismiss for improper venue or alternative request for transfer under 28 U.S.C. § 1404.

1 – OPINION AND ORDER

## BACKGROUND

FiLaser, Inc. is a Canadian corporation with its principal place of business in Ontario, Canada. (Def.'s Req. for Jud. Notice [31-3] Ex. A.)[1] Kinestral is a Delaware corporation with its principal and only place of business in California. (Bergh Decl. [31-1] ¶ 2.)

Plaintiff filed the original complaint [1] in this case on March 3, 2014. Defendant filed a motion to dismiss [19] substantively identical to the one currently under consideration on March 31 and filed answers and counterclaims [20] on the same day. FiLaser filed the First Amended Complaint [29] on April 21, leading this court to deny [32] Kinestral's then-mooted March 31 motion to dismiss. Kinestral's Motion to Dismiss [31] the First Amended Complaint is now pending before the Court.

FiLaser and Kinestral entered into a contract—the Master Services Agreement ("MSA")—effective November 15, 2012. (First Am. Compl. [29-1] Ex. 1 at 1.) The MSA provided for Kinestral to exercise a nonexclusive license to certain technology owned by FiLaser. *Id.* at 2. The MSA also gave Kinestral the option to convert that nonexclusive license into an exclusive one. *Id.* at 2–3.

Pursuant to the MSA, Kinestral was required to direct any correspondence to FiLaser to an address in Portland, Oregon. *Id.* at 6. On January 29, 2014, Kinestral sent a letter to FiLaser's Portland address communicating its intent to exercise its contractual option to convert the nonexclusive license under the MSA into an exclusive one. (Def.'s Req. for Jud. Notice [31-

---

[1] Under Fed. R. Evid. 201(b), a court may take judicial notice of facts (1) that are generally known within the court's jurisdiction, or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Defendant requested judicial notice [31-2] of two exhibits. I grant notice of Defendant's Exhibit A [31-3], an online search of the Oregon Secretary of State's business entity database, which is an "undisputed matter[] of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). I also grant notice of Defendant's Exhibit B [31-4], a letter from Kinestral's CEO to FiLaser's, "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1199 (9th Cir. 2010) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). This letter is referenced in the First Amended Complaint. (First Am. Compl. [29] ¶ 5.)

4] Ex. B.)  On February 25, 2014, Kinestral wired a contractual payment "to an entity other than Plaintiff in Portland."[2]  (First Am. Compl. [29] ¶ 5.)  On March 26, 2014, Kinestral mailed a payment to FiLaser in Portland, Oregon.  *Id.*  FiLaser asks this court to enter a declaratory judgment that Kinestral has no right or interest in a license to the relevant technology.  *Id.* at 6.

## LEGAL STANDARDS

A district court may exercise personal jurisdiction over a nonresident defendant where the defendant has "purposefully established 'minimum contacts' in the forum State."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Minimum contacts exist when a defendant performed "some act or consummate[d] some transaction with the forum . . . by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum."  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (quoting *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831–32 (9th Cir. 1996)).

"Where a defendant moves to dismiss . . . for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  When a district court rules on a 12(b)(2) motion to dismiss relying only on affidavits and without holding an evidentiary hearing, the plaintiff must make a *prima facie* showing of personal jurisdiction.  *Dist. Council No. 16 of Int'l Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B & B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007).  The district court will assume the truth

---

[2] FiLaser's amended complaint alleges that "[t]he Defendant improperly made a contractual payment by wiring it to an entity other than Plaintiff in Portland, Oregon on February 25, 2014."  (Am. Compl. [29] ¶ 5.)  It is unclear from this statement whether FiLaser means to allege that Kinestral wired payment to a third party in Portland or that Kinestral wired payment to FiLaser in a different location from Portland.  Defendant's Motion to Dismiss suggests that this allegation meant to reference funds that Kinestral wired to FiLaser's United States subsidiary in Oregon, suggesting that the first interpretation is the more accurate.  (Def.'s Mot. to Dismiss [31] at 10.)  Regardless of which understanding of the allegation this court proceeds with, however, the outcome of this motion to dismiss is the same.

3 – OPINION AND ORDER

of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

## ANALYSIS

### I.     The Motion Is Not Precluded by the Law of the Case

FiLaser asks the court to deny the present motion, arguing that it is precluded by the law of the case doctrine. (Pl.'s Resp. to Mot. [34] at 5.) FiLaser contends that this court's April 30 denial [32] of the Defendant's first, substantively identical motion to dismiss [19] the original complaint controls Kinestral's new motion to dismiss the amended complaint. *Id.*

FiLaser's interpretation of the law of the case doctrine is incorrect. In order for a motion to be precluded under the doctrine, the previous dismissal must have decided the issue on the merits. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). This court's denial of Kinestral's first motion to dismiss was a procedural clarification and was not made on the merits. The initial motion [19] had been mooted by the filing of an amended complaint. This court has yet to decide on the merits whether Defendant is subject to personal jurisdiction. Therefore, Kinestral's motion to dismiss Plaintiff's First Amended Complaint [29] is not precluded.

### II.    Defendant Did Not Waive Personal Jurisdiction Objections

FiLaser asserts that Kinestral's March 31 answer [20] to the original complaint disallows Kinestral from raising Rule 12(b) defenses at a later time. (Pl.'s Resp. to Mot. [34] at 6.) Federal Rule of Civil Procedure 12(b) requires both that defenses "be made before pleading" and that "[e]very defense to a claim . . . must be asserted in the responsive pleading." FiLaser argues that Defendant's personal jurisdiction defense is waived because it filed an answer before it filed the present motion. (Pl.'s Resp. to Mot. [34] at 6–7.)

I hold that Kinestral comported with the requirements of Rule 12(b) by filing a 12(b)(2) motion to dismiss [19] before its answer [20] and by reasserting 12(b) defenses in the answer itself.  By bringing a motion to dismiss for lack of personal jurisdiction before submitting an answer, Kinestral preserved jurisdictional defenses.  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984).  Defendant therefore did not waive personal jurisdiction objections to either the original or the amended complaints through its March 31 answer.  Additionally, both the motion to dismiss the original complaint and the answer to the original complaint were mooted by FiLaser filing its First Amended Complaint [29].  As such, Kinestral's March 31 answer to the original complaint should not have any bearing on Defendant's ability to bring a motion to dismiss against any subsequent amended complaints.

### III.     Plaintiff Has Not Made a Prima Facie Showing of Personal Jurisdiction

A district court may exercise general jurisdiction over nonresident defendants with "sufficiently substantial, continuous, and systematic" contacts with the forum state.  *Mavrix Photo, Inc. v. Brand Technologies*, 647 F.3d 1218, 1224 (9th Cir. 2011).  FiLaser does not contend that this court has general jurisdiction over Kinestral. Rather, FiLaser argues that the court may exercise specific jurisdictions because aspects of the transaction in dispute are connected to Oregon.  (First Am. Compl. [29] ¶ 5.)

In determining whether the exercise of specific jurisdiction is appropriate, district courts must first identify whether the nonresident defendant has done "some act or consummate[d] some transaction with the forum state . . . by which he purposefully [availed] himself of the privilege of conducting activities in the forum."  *Doe v. Unocal*, 248 F.3d at 923 (quoting *Gordy*, 95 F.3d at 831–32).  The Plaintiff bears the burden of presenting facts establishing personal jurisdiction to the court.  *Mavrix Photo*, 647 F.3d at 1228.

5 – OPINION AND ORDER

FiLaser alleges that this court may exercise specific personal jurisdiction over Kinestral for four reasons. (First Am. Compl. [29] ¶ 5.) The first three reasons concern the parties' behavior during the formation of the MSA: Kinestral negotiated with FiLaser's representative, who was in Portland, over the phone; FiLaser's representative signed the contract while in Portland; and the contract designated Portland as the destination for Kinestral's correspondence to FiLaser. *Id.* FiLaser's fourth fact for establishing personal jurisdiction is that Kinestral mailed a payment to FiLaser's designated address in Portland. *Id.*

These facts are insufficient to establish personal jurisdiction over Kinestral in this matter. FiLaser fails to allege an act by which Kinestral availed itself of Oregon law or purposefully conducted activities in Oregon.

Plaintiff's choices to take telephone calls and receive mail in Portland are immaterial. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014). The actions of the defendant, not the residence or actions of the plaintiff, must bear minimum contacts with the forum state. *Id.* at 1126. Therefore, FiLaser or its representatives' presence in Oregon while Kinestral negotiated with them for work to be done in Canada by a Canadian company bears no relation to this court's ability to exercise personal jurisdiction over Kinestral. Similarly, Kinestral's consent to send mail and payments under the MSA to Plaintiff at a Portland address shows no indication that Kinestral intended to avail itself of Oregon law.

Finally, Kinestral's act of forwarding a payment to FiLaser's representative in Portland is unavailing. "[T]he receipt of payment alone for services rendered outside the forum state is not sufficient to support personal jurisdiction." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1443 (9th Cir. 1987). FiLaser does not allege that Defendant ever contracted for

services to be performed in Oregon or that Defendant ever even contracted with an Oregon corporation. Consequently, the suit is DISMISSED for lack of personal jurisdiction.

### IV.     Defendant's Further Motions are Dismissed as Moot

Kinestral's motion to dismiss also raised a Rule 12(b)(3) defense of improper venue. (Def.'s Mot. to Dismiss [31] at 11.) In the alternative, Kinestral also argued that this case should be transferred to the Northern District of California on convenience grounds under 28 U.S.C. § 1404. *Id.* at 13. Because this court lacks personal jurisdiction over Kinestral, I do not reach these motions.

### CONCLUSION

Defendant's request for judicial notice [31-2] is GRANTED. Defendant's motion to dismiss the First Amended Complaint [31] under Federal Rule of Procedure 12(b)(2) is GRANTED. For the reasons stated above, FiLaser's Amended Complaint [29] is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this   27th   day of June, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge